UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID A. SCOTT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:14-cv-106 |
| | ) |
| UAW SOLIDARITY HOUSE, b/k/a | ) |
| INTERNATIONAL UNION, UNITED | ) |
| AUTOMOBILE, AEROSPACE and | ) |
| AGRICULTURAL IMPLEMENT | ) |
| WORKERS OF AMERICA, UAW, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Hearing [DE 79] filed by the plaintiff, David A. Scott Jr., on November 10, 2016, the Motion to Strike Plaintiff's "Duty to Disclose, General Provision Governing Discovery and the Right to Evidence Discloser" [DE 81] filed by the defendant, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW on November 21, 2016, and the Motion to Strike Plaintiff's Motion for Hearing [DE 83] filed by International Union on November 22, 2016. For the following reasons, the Motion for Hearing [DE 79] is **DENIED**, the Motion to Strike Plaintiff's "Duty to Disclose, General Provision Governing Discovery and the Right to Evidence Discloser" [DE 81] is **GRANTED**, and the Motion to Strike Plaintiff's Motion for Hearing [DE 83] is **DENIED as MOOT**.

*Background*

David A. Scott Jr. filed an employment discrimination Complaint against International Union on April 4, 2014, alleging wrongful termination, sex and disability discrimination,

retaliation, and harassment. Scott also has filed an employment discrimination Complaint against his former employer Lear Corporation. The two cases are combined for discovery purposes only.

Heather Falks, of the firm Stewart & Stewart, entered her appearance on behalf of Scott on March 25, 2015. Falks filed a motion to withdraw as counsel, and a hearing was held before Judge Jon DeGuilio to address Falks' motion. The motion was granted. Scott was unable to obtain new counsel and is currently proceeding *pro se*, therefore, under N.D. Ind. L.R. 26-2(a)(2)(A) all discovery in cases involving a *pro se* party must be filed with the court.

International Union indicated at the status conference held on September 27, 2016, that it provided Scott with all the discovery that previously was given to attorney Falks. A discovery deadline of December 30, 2016 was set along with a briefing schedule. On November 3, 2016, Scott filed Duty to Disclose, General Provisions Governing Discovery and the Right to Evidence Discloser [DE 77]. Scott has represented that he wanted to make the court aware that his rights continue to be violated with equal and fair representation and with the defendants' discovery. It details meetings with former attorney Falks and argues that the defendants, Lear and International Union, have provided insufficient discovery. He contends that International Union and Lear have failed to provide the same discovery that was provided to Falks.

*Discussion*

International Union has requested that the court strike Scott's Duty to Disclose, General Provision Governing Discovery and the Right to Evidence Discloser. It is important to note Scott's filing is not styled as a motion. **Federal Rule of Civil Procedure 12(f)** states that "the court may strike from a pleading any ... redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, although they may be granted if they remove

2

unnecessary clutter from a case and expedite matters, rather than delay them. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989); *Shirley v. Jed Capital, LLC.,* 2010 WL 2721855, *5 (N.D. Ill. 2010); *Doe v. Brimfield Grade School*, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). "Motions to strike under Federal Rule 12(f) are not favored and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Tektel, Inc. v. Maier,* 813 F.Supp. 1331, 1334 (N.D. Ill. 1992).

International Union has argued that Scott's Duty to Disclose, General Provision Governing Discovery and the Right to Evidence Discloser is primarily concerned with Scott's issues with former attorney Falks. Therefore, the allegations made against Falks are not properly before the court and are redundant, immaterial, and impertinent. International Union contends that Scott was given an opportunity to address these issues at the June 29, 2016 hearing before Judge Jon DeGuilio. An employment discrimination complaint is before the court, so this is not the proper forum to raise allegations against Falks.

Also, International Union contends that Scott addresses his issues with Lear, which have no bearing on the Complaint against International Union. Scott contends that International Union has failed to provide truthful discovery. However, International Union argues that when Scott filed his Duty to Disclose, General Provision Governing Discovery and the Right to Evidence Discloser there were no pending discovery request. Therefore, the pleading contains immaterial and impertinent information regarding discovery materials Scott believes he is entitled to receive.

International Union has indicated that the pleading contains scandalous information, including Scott's allegation that Falks, International Union, Lear, and their counsels have improperly colluded to violate Scott's rights. International Union represents that these allegations are baseless and not pertinent to the complaint and reflect cruelly on it and counsel. Finally, the allegations made by Scott are not proximately related or relevant to the Complaint against International Union.

In light of these observations, the court finds that the allegations are immaterial and impertinent to the matter. **Northern District of Indiana Local Rule 26-2** states that discovery shall not be filed except under certain circumstances, including when one of the parties is a *pro se* litigant. Under this circumstance, all discovery involving the *pro se* party must be filed. The only documents that should be filed are discovery requests as laid out in the Federal Rules of Civil Procedure, including interrogatories, requests for admissions, requests for production, and the like, and the responses thereto. Therefore, the court **STRIKES** Scott's Duty to Disclose, General Provision Governing Discovery and the Right to Evidence Discloser [DE 77].

Based on the foregoing reasons, the court **GRANTS** the Motion to Strike Plaintiff's "Duty to Disclose, General Provision Governing Discovery and the Right to Evidence Discloser" [DE 81]. Scott has not requested relief from the court, therefore, the court sees no reason to hold a hearing in this matter. The Motion for Hearing [DE 79] is **DENIED.** Because the court has denied the plaintiff's Motion for a Hearing, the defendant's Motion to Strike Plaintiff's Motion for Hearing [DE 83] is **DENIED as MOOT.**

ENTERED this 19th day of December, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge